58   31
s58  408

ALLAN MAGOWAN, PLAINTIFF IN ERROR, v. GEORGE H. STEVENSON ET AL., DEFENDANTS IN ERROR.

A release of their claims, executed by only a portion of those who have done work upon or furnished material for the construction of a building, and having annexed to it an affidavit of the contractor, showing that some of such laborers and materialmen have not joined in the execution of such release, is not a compliance with the supplement to the Mechanics' Lien law, approved March 12th, 1892; and a payment by the owner of the building to the contractor of the money due under the contract, upon the presentation of such a release and affidavit, will not operate as a bar to such claims as remain unreleased and unsatisfied.

On error to the Mercer Circuit Court.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices REED and GUMMERE.

For the plaintiff in error, *Edwin Robert Walker*.

For the defendant in error, *James S. Aitkin*.

The opinion of the court was delivered by

GUMMERE, J. The defendants in error filed a mechanics' lien claim for $794.94, and brought suit thereon against Robert Walker, as builder, and Allan Magowan, the plaintiff in error, as owner, for work done and materials furnished in the erection of a house upon lands of the latter.

The house was built under a written contract, filed according to law, and Magowan paid to Walker, who was the contractor, the total amount due for the building of the house, upon the presentation to him by the contractor of a release executed by certain of the parties who had furnished materials used in the erection of the house, and by laborers employed in the construction thereof, which release had annexed to it an affidavit made by the contractor, of the names of the defendants in error and others whose claims for work done upon, or materials furnished for, the construction of the house had not been released, and the amount due to each of them by reason thereof. The affidavit, however, did not contain a true statement of the amount due to the defendants in error, it being given as $369.94, instead of $794.94.

It is contended, on behalf of the plaintiff in error, that his payment to the contractor of the total amount due for the building of the house, under the circumstances stated, operated to deprive the defendants in error of any right to file a lien against the building and curtilage in question by virtue of the provision of the supplement to the Mechanics' Lien law, passed March 29th, 1892. *Pamph. L., p.* 358.

This contention is based upon a misapprehension of the

supplement of 1892, and is without force. That act provides that when the contractor produces and delivers to the owner of the building contracted for the release of *all* persons who have furnished materials used in the erection of such building, and of *all* journeymen and laborers employed in the erecting or construction thereof, and who have not been fully paid and satisfied at the date of such release, with the affidavit of the contractor annexed to it, showing "that no persons other than those named *in said release* have any lien upon such building or lands by reason of work done or materials furnished, then a payment by the owner to the contractor shall be a bar to any and all claims for work done and materials furnished," &c.

The release which was presented in this case to the plaintiff in error by the contractor did not comply with the requirement of the supplement of 1892, for the affidavit of the contractor annexed to it, instead of showing that no persons other than those named in the release had any lien upon the building, as the statute requires, showed that the reverse was the fact, and that the defendants in error were the holders of an unreleased and unsatisfied claim for materials furnished for his building.

A payment made by the owner of a building to the contractor, upon the presentation of a release verified as this one was, is no bar to any unsatisfied claim, under the Mechanics' Lien law, for work done or materials furnished in the construction of a building, when it appears from the affidavit verifying the release that such claim has not been satisfied and the release has not been signed by the holder thereof.

It is also urged in behalf of the plaintiff in error, that if it be held that the defendants in error are entitled to their lien, then such lien should be limited to the $369.94 set out in the affidavit of the contractor annexed to the release, and should not be allowed for the full amount of their claim. It is sufficient to say, upon this point, that the defendants in error were not in any way responsible for the act of the contractor in falsely stating the amount of their claim to have been

much less than it really was, and that such false statement cannot, therefore, affect their rights.

The other errors assigned have each of them been examined and considered, but we find nothing in any of them which would justify a reversal of the judgment below.

The judgment of the Mercer Circuit Court is affirmed, with costs.